**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | **Case No. 19-03028-01-CR-S-MDH** |
| **CHRISTINA E. GAUGER,** | |
| Defendant. | |

**MOTION OF THE UNITED STATES FOR A PRELIMINARY**
**ORDER OF FORFEITURE, WITH SUPPORTING SUGGESTIONS**

The United States of America, by its undersigned counsel, respectfully submits its

Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth

in the following supporting suggestions.  A proposed order is submitted with this motion.

**SUPPORTING SUGGESTIONS**

1.      On July 17, 2019, the defendant Christina Gauger was charged in a twenty-count

Superseding Indictment.  Relevant to this motion, Count One charged that the defendant and her

co-defendants knowingly and intentionally conspired and agreed with one another and others,

both known and unknown to the Grand Jury, to distribute 500 grams or more of a mixture or

substance containing a detectable amount of methamphetamine, a Schedule II controlled

substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A).

2.      The Forfeiture Allegation of the Superseding Indictment sought forfeiture,

pursuant to 21 U.S.C. §, of all property, real and personal, constituting, or derived from,

proceeds obtained, directly and indirectly, as a result of the violations in Count One of the

Superseding Indictment, and all property used, or intended to be used, in any manner or part to

commit, and to facilitate the commission of the violations alleged in Count One of the

Superseding Indictment, including but not limited to a personal money judgment against the

defendant Christina E. Gauger in an amount representing proceeds obtained as a result of the

offense alleged in Count One.

3.      On August 7, 2019, a Notice and Bill of Particulars for Forfeiture of Property was

filed by the United States giving notice that it is seeking forfeiture of the following property:

a.  $1,446 in United States currency seized on September 5, 2017, from defendant Christina E. Gauger;

b.  $12,622 in United States currency seized on January 17, 2018, from defendants Christina Gauger and Patrick Waters;

c.  $4,499 in United States currency seized on January 26, 2018, from defendant Keith Butchee;

d.  $1,676 in United States currency seized on March 14, 2018, from defendant Christina Gauger; and

e.  $770 in United States currency seized on April 11, 2018, from defendant Robin Self[1];

as proceeds directly traceable to the violations alleged in Count One, and as property used to

commit or to facilitate the violations alleged in Count One of the Superseding Indictment.

4.      On August 8, 2019, the defendant Christina Gauger appeared before the Court and

plead guilty to *inter alia* Count One of the Superseding Indictment charging violations of 21

U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A).  Based on the guilty plea, the United States is

seeking forfeiture of the $1,446 in United States currency seized from her on September 5, 2017;

$12,622 in United States currency seized from her on January 17, 2018; and $1,676 in United

---

[1] On or about March 25, 2019, an Order of Transfer was filed in Greene County, Missouri, transferring approximately $21,013 in United States currency from the custody of local law enforcement to a federal agency.  The $21,013 consists of $1,446 seized on September 5, 2017, $12,622 seized on January 17, 2018, $4,499 seized on January 26, 2018, $1,676 seized on March 14, 2018, and $770 seized on April 11, 2018.  Pursuant to the transfer order, the Drug Enforcement Administration took custody of the currency.

States currency seized from her on March 14, 2018, as property derived from or used to facilitate the conspiracy to distribute methamphetamine.

5.    The Court's jurisdiction in this matter is founded upon 21 U.S.C. § 853, which provides that:

> Any person convicted of a violation of this subchapter…punishable by imprisonment for more than one year shall forfeit to the United States,….
>
> (1) any property constituting, or derived from any proceeds the person obtained, directly or indirectly, as the result of such violations;
>
> (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation,
>
> .   .   .   .
>
> The court, in imposing sentence on such person shall order, in addition to any other sentence imposed pursuant to this subchapter or subchapter II of this chapter, that the person to forfeit to the United States all property describe in this subsection.

6.    In discussing 21 U.S.C. § 853 and the related provision for forfeiture under 18 U.S.C. § 1963 (RICO), the Senate Report notes that this language "emphasizes the mandatory nature of criminal forfeiture, requiring the Court to order forfeiture in addition to any other penalty imposed."  S. Rep. No. 225 98th Cong., 2d Sess. 200, 211, *reprinted in* 1984 U.S. Code Cong. & Ad. News 3383, 3394.  Thus, according to the relevant statute, the Court *must* enter a Preliminary Order of Forfeiture in favor of the United States and against the defendant's interests in property found to have been acquired, maintained, or used in violation of the underlying forfeiture statute.  *United States v. Viloski*, 814 F.3d 104, 110 n. 11 (2nd Cir. 2016); *United States v. Louthian,* 756 F.3d 295, 306-07 (4th Cir. 2014); *United States v. Bieri*, 68 F.3d 232, 235 (8th Cir. 1995).

3

7.    Rule 32.2 (b)(1)(A) and (B), 32.2(b)(2)(A), (b)(2)(C) and (B), and 32.2(b)(3),

Federal Rules of Criminal Procedure, provide that:

(b)(1)(A) As soon as practicable after a verdict or finding of guilty, or after a plea of guilty or *nolo contendere* is accepted, on any count in an Indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute.  If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.  If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

(b)(1)(B) The court's determination may be based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable.  If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(b)(2)(A) If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.  The court must enter the order without regard to any third party's interest in the property.  Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

(b)(2)(B) Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

(b)(2)(C) If, before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the total amount of the money judgment, the court may enter a forfeiture order that:

(i) lists any identified property;

(ii) describes other property in general terms; and

(iii) states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of money judgment has been calculated.

(b)(3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to

4

conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

8.        Based upon the defendant's guilty plea, the United States has established the requisite nexus between the property and the offense to which the defendant has pleaded guilty. Accordingly, that property is subject to forfeiture to the United States pursuant to upon 21 U.S.C. § 853. Upon entry of an order of forfeiture authorized under Section 853, the Court shall authorize the Attorney General or his designee to seize all property ordered forfeited upon terms and conditions the Court deems appropriate. *Id*. at § 853(g).

9.        Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853, the United States will publish for at least 30 consecutive days on the government's official web site, www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States Marshal Services' intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the defendant Christina Gauger, having or claiming a legal interest in the property must file a petition with the Court (and serve a copy on Byron Black, Assistant United States Attorney) within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the

5

property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published

notice as to those persons so notified.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary

Order of Forfeiture forfeiting to the United States the property listed above and order the United

States Marshal Service to seize and maintain custody of the forfeited property and dispose of it in

accordance with the law.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

By

*/s/ Byron H. Black*
Byron H. Black
Assistant United States Attorney
Minnesota Bar No. 0395274
901 East St. Louis Street, Suite 500
Springfield, Missouri 65806
Telephone: (417) 831-4406

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2019, the foregoing motion was electronically filed
with the Clerk of the Court using the CM/ECF system, for electronic delivery to all counsel of
record.

*/s/ Byron H. Black*
Byron H. Black
Assistant United States Attorney