# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **JUDGMENT IN A CRIMINAL CASE** |
| | § | |
| v. | § | |
| | § | Case Number: **6:19-CR-03028-MDH(1)** |
| **CHRISTINA E. GAUGER** | § | USM Number: **33869-045** |
| | § | **Dee Wampler** |
| | § | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1s, 3s, 8s, 9s, 16s and 17s of the Superseding Indictment on 7/17/19

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 21 USC 841(a)(1), (b)(1)(A) and 21 USC 846 (Class A Felony)/Conspiracy to Distribute 500 Grams or More of Methamphetamine | 06/20/2018 | 1s |
| 21 USC 841(a)(1) and (b)(1)(B) (Class B Felony)/Possession with Intent to Distribute 50 Grams or More of Methamphetamine | 01/17/2018 | 3s |
| 21 USC 841(a)(1) and (b)(1)(B) (Class B Felony)/Possession with Intent to Distribute 50 Grams or More of Methamphetamine | 01/17/2018 | 8s |
| 21 USC 860a (Class C Felony)/Possession with Intent to Distribute Methamphetamine on Premises in Which a Minor was Present | 01/17/2018 | 9s |
| 21 USC 841(a)(1) and (b)(1)(A) (Class A Felony)/Possession with Intent to Distribute 500 Grams or More of Methamphetamine | 03/14/2018 | 16s |
| 18 USC 924 (c)(1)(A) (Class A Felony)/Possession of a Firearm in Furtherance of a Drug Trafficking Offense | 03/14/2018 | 17s |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ Count(s) 1,3,8,9,16,17 of the Original Indictment are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**January 27, 2021**
Date of Imposition of Judgment

s/Douglas Harpool
Signature of Judge

**DOUGLAS HARPOOL**
**U.S. DISTRICT JUDGE**
Name and Title of Judge

**January 27, 2021**
Date

DEFENDANT: CHRISTINA E. GAUGER
CASE NUMBER: 6:19-CR-03028-MDH(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

120 months on Counts 1s, 3s, 8s and 16s to be served concurrently; 24 months on Count 9s to be served consecutively to Counts 1s and 8s; and 60 months on Count 17s to be served consecutively to all other counts for a Total Term of Imprisonment of 204 months.

☒ The court makes the following recommendations to the Bureau of Prisons:
  Defendant be designated to an institution for participation in the 500-hour residential substance abuse treatment program and UNICOR.

  Defendant be designated to Waseca FCI or Carswell FMC.

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at      ☐ a.m.    ☐ p.m.    on

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

  Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

DEFENDANT: CHRISTINA E. GAUGER
CASE NUMBER: 6:19-CR-03028-MDH(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **5 years on Counts 1s, 3s, 8s, 16s and 17s and 3 years on Count 9s all counts to run current.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT: CHRISTINA E. GAUGER
CASE NUMBER: 6:19-CR-03028-MDH(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

DEFENDANT: CHRISTINA E. GAUGER
CASE NUMBER: 6:19-CR-03028-MDH(1)

# SPECIAL CONDITIONS OF SUPERVISION

a) The defendant shall provide the Probation Office with access to any requested financial information.

b) The defendant shall not consume or possess alcoholic beverages or beer, including 3.2 percent beer, at any time, and shall not be present in any establishment where alcoholic beverages are the primary items for sale.

c) The defendant shall successfully participate in any outpatient or inpatient substance abuse counseling program, which may include urinalysis, sweat patch, or Breathalyzer testing, as approved by the Probation Office and pay any associated costs as directed by the Probation Office.

d) The defendant shall successfully participate in any mental health counseling program, as approved by the Probation Office, and pay any associated costs, as directed by the Probation Office.

e) The defendant shall submit his person and any property, house, residence, office, vehicle, papers, computer, other electronic communication or data storage devices or media and effects to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

f) The defendant shall comply with the Western District of Missouri Offender Employment Guideline which may include participation in training, counseling, and/or daily job searching as directed by the probation officer. If not in compliance with the condition of supervision requiring full-time employment at a lawful occupation, the defendant may be required to perform up to 20 hours of community service per week until employed, as approved or directed by the probation officer.

# ACKNOWLEDGMENT OF CONDITIONS

I have read or have read the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____    _____
Defendant                                  Date

_____    _____
United States Probation Officer            Date

DEFENDANT: CHRISTINA E. GAUGER
CASE NUMBER: 6:19-CR-03028-MDH(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $600.00 | $.00 | $.00 |  |  |

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**It is ordered that the Defendant shall pay to the United States a special assessment of $600.00 which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ The Preliminary Order of Forfeiture dated 10/29/19 is finalized and imposed.
The defendant shall forfeit the defendant's interest in the following property to the United States:

1. $1,446 in United States currency seized on September 5, 2017, from defendant Christina E. Gauger;
2. $12,622 in United States currency seized on January 17, 2018, from defendants Christina Gauger and Patrick Waters;
3. $4,499 in United States currency seized on January 26, 2018, from defendant Keith Butchee;
4. $1,676 in United States currency seized on March 14, 2018, from defendant Christina Gauger; and
5. $770 in United States currency seized on April 11, 2018, from defendant Robin Self;

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.