IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 19-cr-03028-01-MDH |
| CHRISTINA E. GAUGER, ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's *pro se* Motion for Reduction of Sentence pursuant to 18 U.S.C. 3582(c)(2) and request for appointment of counsel. (Doc. 339). Defendant moves for a reduction in her sentence stating she has successfully completed a "plethora of rehabilitative programming" and has demonstrated a strong and measurable commitment to becoming a productive and law abiding member of the community. Defendant also requests appointment of counsel.

The government has filed a response stating the Court should deny Defendant's motion because although application of Amendment 821 would reduce her Sentencing Guidelines range, Defendant's sentence is already below the amended range. The government states that further reduction would be inconsistent with Section 1B1.10(b)(2)(A) of the Sentencing Guidelines and therefore impermissible under § 3582(c)(2). (Doc. 343).

Following a guilty plea, defendant was convicted of conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count One); possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Counts Three and Eight); possession with intent to

distribute methamphetamine on a premises where a minor was present, in violation of 21 U.S.C. § 860a (Count Nine); possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count Sixteen); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Seventeen).

This Court calculated a total offense level 39, a criminal history score 3, a criminal history category II, and an advisory Sentencing Guidelines range of 292 to 365 months. The total criminal history score included two criminal history points because defendant committed the instant offense while under a criminal justice sentence. See U.S.S.G. § 4A1.1(d) (2018). This Court varied downward to impose a sentence of 204 months' imprisonment. This sentence was reached by applying the statutory minimum sentences on Count One and Sixteen of 120 months, the statutory minimum consecutive sentence on Count Seventeen of 60 months, and imposing a statutorily-mandated consecutive sentence for Count Nine.

As stated by the government: in general, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Section 3582(c)(2) provides an exception: a court may modify an otherwise final term of imprisonment when a defendant was originally sentenced under a guidelines range that the Sentencing Commission has subsequently lowered and the reduction is consistent with the applicable policy statement, U.S.S.G. § 1B1.10. Dillon, 560 U.S. at 819-22. The court must recalculate the guidelines range as if the amended guideline had been in effect at the initial sentencing, leaving all other guidelines calculations unchanged. U.S.S.G. § 1B1.10(b)(1). If the guidelines range does not change, the court may not reduce the defendant's sentence. *See id.* § 1B1.10(a)(2)(B). Even if the guidelines range does change, a court may not

reduce a defendant's sentence below the amended range. See id. § 1B1.10(b)(2)(A). Notwithstanding *United States v. Booker*, 543 U.S. 220 (2005), these guidelines provisions remain mandatory. See *Dillon*, 560 U.S. at 829-30.

Here, at the time of defendant's sentencing, § 4A1.1(d) provided that a defendant who committed the instant offense while under a criminal justice sentence should receive two additional criminal history points. See U.S.S.G. § 4A1.1(d) (2016). In 2023, the Sentencing Commission redesignated § 4A1.1(d) as § 4A1.1(e) and amended it to provide that a defendant who otherwise received 6 or fewer criminal history points and committed the instant offense while under a criminal justice sentence would receive no additional criminal history points. See Amendment 821, United States Sentencing Guidelines. The amendment became effective for newly sentenced defendants on November 1, 2023, and became retroactive for previously sentenced defendants on February 1, 2024.

However, the Court agrees with the government, that states, although application of Amendment 821's changes to § 4A1.1 would reduce defendant's criminal history score to 1, her criminal history category to I, and her Sentencing Guidelines range to 262 to 327 months after application of U.S.S.G. § 5G1.1(c), the Court lacks authority to reduce defendant's sentence. Defendant's 204-month sentence is already below the bottom of the amended Guidelines range. See U.S.S.G. § 1B1.10(b)(2)(A).

Wherefore, after careful consideration of the record before the Court, including the arguments contained in the Government's response, the Court hereby **DENIES** Defendant's motion. In addition, the Court finds no basis to appoint counsel and Defendant's request for appointment of counsel is **DENIED.**

**IT IS SO ORDERED**.

DATED:  May 29, 2024    */s/ Douglas Harpool*
                        **DOUGLAS HARPOOL**
                        **UNITED STATES DISTRICT JUDGE**